STATE OF MAINE
PENOBSCOT, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-02-46  JLH-PE

FILED & ENTERED
SUPERIOR COURT

DEC 23 2003

PENOBSCOT COUNTY

United Kingfield Bank,
      Plaintiff/Counterclaim Defendant

v.

Order (Motion for Summary
Judgment)

Alex Tessman et al.,
      Defendants/Counterclaim Plaintiffs

Pending before the court is the motion of plaintiff and counterclaim defendant United Kingfield Bank (UKB) for summary judgment on the counterclaim of defendants and counterclaim plaintiffs Alex Tessman, Rowena Tessman and Protea Behavioral Health Services. The court has reviewed and considered the parties' submissions.[1] This case is scheduled for trial on December 29-31, 2003.

In their essence, the counts in the counterclaim are based on an allegation that UKB failed to provide financing that it had promised to the counterclaimants. The counterclaim was filed by each of the three original defendants, and it was set out in seven counts. The motion for summary judgment is comprehensive, covering all claims and all counterclaimants. The counterclaimants have not opposed the motion as it relates to count 4 (vicarious liability), count 5 (recoupment) and count 7 (forbearance). Further, they have not opposed the motion to the extent that it seeks judgment on the remaining claims as brought by Alex Tessman and Rowena Tessman. Thus, the residual claims submitted for resolution here are Protea's counterclaims for fraud (count 1), negligent

---

[1] UKB had moved for an enlargement of time to file its reply to the counterclaim plaintiffs' objection to the motion at bar. Initially, the court denied that motion to enlarge. However, the next day, UKB confirmed that counterclaim plaintiffs' counsel did not object to the motion to enlarge. Because of this development, the court now treats UKB's reply to be timely, and the court has considered this final filing. Further, in any event, the outcome of this motion is not affected by UKB's reply.

1

misrepresentation (count 2), breach of fiduciary duty (count 3) and breach of contract (count 6).

Summary judgment is proper only if the record on summary judgment shows that there are no genuine issues of material fact and that the movant is entitled to judgment as a matter of law. *See* M.R.Civ.P. 56. To survive a motion for a summary judgment, the opposing party must produce evidence that, if produced at trial, would be sufficient to resist a motion for a judgment as a matter of law; "[t]he plaintiff must establish a *prima facie* case for each element of the cause of action." *Rodrigue v. Rodrigue*, 1997 ME 99, ¶8, 694 A.2d 924, 926.

### Breach of contract (count 6)

While acknowledging that there is a genuine issue of material fact concerning the existence of a contract (although disputing that such a contract existed), UKB moves for summary judgment on Protea's claim for breach of contract based on an argument that there does not exist an adequate factual predicate for a claim of damages. For the most part, this argument rests on claims that Protea has not provided adequate discovery on damages and that its evidence on damages is not competent. The court recognizes that there may well be significant issues regarding the scope of the evidence on damages that Protea will be able to present at trial. Nonetheless, the resolution of those issues is not sufficiently clear in the present context to support a ruling that, as a matter of law, Protea will be unable to prove its damages claims.

However, because punitive damages may not be awarded for breach of contract, *see Drinkwater v. Patten Realty Corp.*, 563 A.2d 772, 776 (Me. 1989), and because summary judgment will be granted on the non-contract claims for the reasons set out below, Protea's claim for punitive damages cannot survive this motion.[2]

### Fraud (count 1); negligent misrepresentation (count 2)

In support of its motion for summary judgment on these tort claims, UKB argues that Protea's theory of liability does not exceed the basis for its contract claim. In fact, Protea agrees with this observation: "Protea has sued UKB under various areas of

---

[2] The *ad damnum* of the contract claim in the counterclaim did not set out a claim for punitive damages, unlike some of the other counts in that responsive pleading. However, Protea raised the specter of such a claim in subsequent pretrial proceedings.

liability *under the same set of facts." See* "Counterclaim Plaintiffs' Memorandum of law in Opposition to Motion for Summary Judgment" dated December 11, 2003 at p. 1 (emphasis added). In response to this aspect of UKB's motion, Protea argues only that there is a factual basis on which to argue that UKB committed the torts of fraud and negligent misrepresentation. This argument, however, fails to counter UKB's reliance on Maine law that tort liability must rest on conduct that is separate and independent from conduct that also constitutes the breach of a contract. *See Stull v. First American Title Insurance Co.*, 2000 ME 21, ¶¶ 14-15, 745 A.2d 975, 980-81. Although *Stull* was a case that involved allegations of breach of an insurance contract, Protea advances no argument here that the factual differences in the two cases are material. Consequently, because Protea acknowledges that the basis for its tort claims mirrors that of its contract claim, then as a matter of law Protea is precluded from pursuing the former.

**Breach of fiduciary duty (count 3)**

In seeking summary judgment on Protea's claim that UKB breached its fiduciary duty owned to it, UKB argues in part that the record on summary judgment does not support a genuine factual contention that the parties in fact were in a confidential relationship. A fiduciary relationship exists when one party actually places trust or confidence in the other and when the two parties have greatly disparate positions and levels of influence between themselves. *Stewart v. Machias Savings Bank*, 2000 ME 207, ¶ 10, 762 A.2d 44, 46. In the context of a bank-borrower relationship, such as the one at issue here, the borrower must establish "diminished emotional or physical capacity or. . .the letting down of all guards and bars." *Id.*, ¶ 11, 762 A.2d at 46 (citation omitted). The record at bar cannot sustain a genuine claim that Protea, through its representatives, was vulnerable in any of these ways. Rather, the record demonstrates that Protea's agents had considerable business experience. *See* UKB's Statement of Material Fact, ¶ 3 and record references. Further, at best for Protea, *even if* its reply statement of material fact correctly represents the record, it has an argument that UKB engaged in manipulative conduct. However, the record does *not* allow Protea to argue that it was exposed to resulting injury due to any incapacity or vulnerability as the law requires in this context. Consequently, as a matter of law, Protea's claim for breach of fiduciary duty cannot be sustained.

3

The entry shall be:

For the foregoing reasons, the motion of plaintiff and counterclaim defendant United Kingfield Bank (UKB) for summary judgment on the counterclaim of defendants and counterclaim plaintiffs Alex Tessman, Rowena Tessman and Protea Behavioral Health Services is granted in part and denied in part. Summary judgment is entered for UKB on all counterclaims brought against it by Alex Tessman and Rowena Tessman. Additionally, summary judgment is entered for UKB on counts 1, 2, 3, 4, 5 and 7 of Protea Behavioral Health Services' counterclaim against it. Finally, summary judgment is entered for UKB on that part of count 6 of Protea's counterclaim seeking an award of punitive damages.

Dated: December 23, 2003

_____
Justice, Maine Superior Court

UNITED KINGFIELD BANK - PLAINTIFF
110 CANAL ST
LEWISTON ME 04240
Attorney for: UNITED KINGFIELD BANK
DANIEL CUMMINGS
NORMAN HANSON & DETROY
415 CONGRESS ST
PO BOX 4600
PORTLAND ME 04112

SUPERIOR COURT
PENOBSCOT, ss.
Docket No  BANSC-RE-2002-00046

DOCKET RECORD

vs
ALEX TESSMAN  - DEFENDANT

Attorney for: ALEX TESSMAN
ALICE KNAPP
LAW OFFICE OF ALICE KNAPP
21 MAIN STREET

RICHMOND ME 04357

ROWENA TESSMAN  - DEFENDANT
C/O ALICE E KNAPP ESQ P O BOX 278
RICHMOND ME 04357
Attorney for: ROWENA TESSMAN
ALICE KNAPP
LAW OFFICE OF ALICE KNAPP
21 MAIN STREET

RICHMOND ME 04357

PROTEA BEHAVIORAL HEALTH SERVICES - DEFENDANT
C/O ALICE KNAPP ESQ P O BOX 278
RICHMOND ME 04357
Attorney for: PROTEA BEHAVIORAL HEALTH SERVICES
ALICE KNAPP
LAW OFFICE OF ALICE KNAPP
21 MAIN STREET

RICHMOND ME 04357

DAVID F SHIPPS  - DEFENDANT
142 BENNOCH RD
OLD TOWN ME 04468

Filing Document: COMPLAINT
Filing Date: 10/09/2002

Minor Case Type: FORECLOSURE

## Docket Events:

10/09/2002 FILING DOCUMENT - COMPLAINT FILED ON 10/09/2002
TITLE TO REAL ESTATE IS INVOLVED

10/09/2002 Party(s):  UNITED KINGFIELD BANK
ATTORNEY - RETAINED ENTERED ON 10/09/2002
Plaintiff's Attorney: DANIEL CUMMINGS